**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA T. GARCIA-ESTRADA, | CIVIL ACTION NO. 16-2037 (JLL) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**LINARES, District Judge**

Maria T. Garcia-Estrada seeks judicial review of a final decision (hereinafter, "the Decision") issued on behalf of the Commissioner of the Social Security Administration (hereinafter, "the Commissioner") by an administrative law judge (hereinafter, "the ALJ"), dated October 23, 2014, wherein the ALJ addressed her application for supplemental security income (hereinafter, "SSI"). (See dkt. 1; R. at 21–33.) See also 42 U.S.C. § 405(g); L.Civ.R. 9.1.

The ALJ concluded that Garcia-Estrada was disabled — and thus she was entitled to collect SSI — for the time period commencing on February 2, 2014 when she turned 50 years old. However, Garcia-Estrada objects to the portion of the Decision wherein the ALJ concluded that she was not disabled — and thus she was not entitled to collect SSI — for the time period extending from December 1, 2006, through February 1, 2014.

The Court has carefully considered the administrative record, as well as the submissions that have been made in support of and in opposition to the instant appeal, and decides this matter on the briefs of the parties and without conducting oral argument. (See dkt. 7 (administrative record); dkt. 11 (Garcia-Estrada's brief); dkt. 12 (Commissioner's brief).) See L.Civ.R. 78.1(b); L.Civ.R. 9.1. For the reasons set forth below, the Court remands this matter for further proceedings that are consistent with this Opinion.

## BACKGROUND

The Court writes for the parties who are familiar with the facts and procedural history of the case. The Court therefore specifically addresses in the discussion below only those facts relevant to the issues raised on appeal.

## STANDARD OF REVIEW

The Court must affirm the Decision if the ALJ's findings of fact are supported by substantial evidence. See 42 U.S.C. § 405(g); Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court must be deferential to the inferences drawn by the ALJ from the facts if those inferences, in turn, are supported by substantial evidence. See Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (stating that a court "will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently"). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "[i]t is less than a

preponderance of the evidence but more than a mere scintilla." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). Additionally, a disability must be established by objective medical evidence. To this end, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section." 42 U.S.C. § 423(d)(5)(A). Instead, a finding that one is disabled requires:

> [M]edical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph . . . would lead to a conclusion that the individual is under a disability.

Id. The factors to consider in determining how to weigh the evidence originating from medical sources include: (1) the examining relationship; (2) the treatment relationship, including the length, frequency, nature, and extent of the treatment; (3) the supportability of the opinion; (4) its consistency with the record as a whole; and (5) the specialization of the individual giving the opinion. See 20 C.F.R. § 404.1527(c).

The "substantial evidence standard is a deferential standard of review." Jones, 364 F.3d at 503. The ALJ is required to "set forth the reasons for his decision," and not merely make conclusory and unexplained findings. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000). But, if the ALJ's decision is adequately explained and supported, then the Court is not "empowered to weigh the

evidence or substitute its conclusions for those of the fact-finder." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 361 (3d Cir. 2004) (citation omitted). It does not matter if this Court "acting *de novo* might have reached a different conclusion." Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190–91 (3d Cir. 1986)). Finally, the ALJ is "not require[d] . . . to use particular language or adhere to a particular format in conducting [the] analysis," but the ALJ must "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." Jones, 364 F.3d at 505.

## THE FIVE STEP PROCESS AND THE ALJ'S DECISION

**I.      The Law**

A claimant is eligible to collect benefits if, among other things, she demonstrates that she is disabled based on an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person is disabled only if the physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The "five step sequential evaluation for determining whether a claimant is under a disability, as set forth in 20 C.F.R. § 404.1520" is the following:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that her impairments are "severe," she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.
>
> Step four requires the ALJ to consider whether the claimant retains the residual functional capacity [(hereinafter, "RFC")] to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work.
>
> If the claimant is unable to resume her former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled.

Burnett, 220 F.3d at 118–19 (case citations omitted). "The claimant bears the burden of proof for steps one, two, and four of this test. The Commissioner bears the burden

of proof for the last step." Sykes, 228 F.3d at 263. Neither party bears the burden of proof at step three. See id. at 263 n.2.

## II.  The Step Three Analysis

At the second step of the sequential evaluation in this case, the ALJ concluded that Garcia-Estrada has had eleven severe impairments, including obesity, as of December 1, 2006. (R. at 23.) However, Garcia-Estrada argues that the ALJ failed to meaningfully consider her obesity, either alone or in conjunction with her ten other severe impairments, in assessing her ability to engage in gainful employment from December 1, 2006, through February 1, 2014, in the third step.[1] The Court is compelled to agree with Garcia-Estrada's argument here.

The Decision set forth in a cursory manner — and without any analysis in support — that the ALJ "has taken into account the combined effect of [Garcia-Estrada's] obesity" with two other severe impairments suffered by Garcia-Estrada, and that the ALJ "assessed the cumulative effect of the claimant's obesity in determining her residual functional capacity at other steps of the sequential evaluation process." (R. at 24.) Furthermore, the ALJ made no mention of Social Security Ruling 02-1p, which is designed to provide guidance to ALJs — and which ALJs are required to consult — when they assess the effect of a severe obesity impairment upon the plaintiff's ability to work. See Cooper v. Comm'r of Soc. Sec., 268

---

[1]  At the hearing conducted on July 23, 2014, which underlies the ALJ's Decision, Garcia-Estrada testified that she was 5 feet and 2 inches tall, and that she weighed 198 pounds. (R. at 43.)

Fed.Appx. 152, 156 (3d Cir. 2008) (stating that an ALJ should consult and refer to Social Security Ruling 02-1p when a plaintiff makes a specific request for consideration of obesity in conjunction with other impairments). The analysis provided by the ALJ in this instance is insufficient, because there is no further mention of Garcia-Estrada's obesity in the Decision.

Having concluded that Garcia-Estrada's obesity was indeed a severe impairment, the ALJ should have provided more than the cursory analysis on that issue in the third step, and should have made some assessment of the severe obesity impairment in the subsequent analysis. See Halsey v. Comm'r of Soc. Sec., No. 15-6311, 2016 WL 6304444, at *5 (D.N.J. Oct. 25, 2016) (remanding a Social Security matter because the ALJ set forth in the Decision that the plaintiff's obesity was considered, but then the ALJ failed to discuss whether the plaintiff's obesity affected the plaintiff adversely); Thomas v. Colvin, No. 15-3288, 2016 WL 676372, at *4 (D.N.J. Feb. 16, 2016) (remanding a Social Security matter because the ALJ found the plaintiff's obesity to be a severe impairment in the second step, but then failed to provide deeper analysis of obesity in the third step, and then compounded the error in the RFC section of the Decision by merely citing to — and then failing to discuss — the opinion of a consultative examining physician that considered the impact of the plaintiff's obesity).

"[A]n ALJ must meaningfully consider the effect of a claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and at every subsequent step." Diaz v. Comm'r of Soc. Sec., 577 F.3d 500,

504 (3d Cir. 2009). In Diaz, the Third Circuit reversed a district court and directed that a Social Security matter be remanded for further proceedings, and went on to hold that "absent analysis of the cumulative impact of [a plaintiff's] obesity and other impairments on her functional capabilities, we are at a loss in our reviewing function." Id. & n.3 (collecting cases reaching a similar conclusion).

In view of the Third Circuit's clear guidance set forth in Diaz, this Court remands this matter for a fuller assessment of Garcia-Estrada's obesity on its own and in conjunction with the other severe impairments found by the ALJ. Cf. Mason v. Colvin, No. 15-1861, 2015 WL 6739108, at *4 (D.N.J. Nov. 3, 2015) (affirming an ALJ's assessment of the plaintiff's obesity in combination with the plaintiff's other severe impairments, because the ALJ fully explained how obesity could impact the other impairments and thereby provided a sufficient discussion to enable meaningful judicial review); Ollie v. Comm'r of Soc. Sec., No. 13-3297, 2014 WL 1272180, at *5–7 (D.N.J. Mar. 26, 2014) (affirming an ALJ's assessment of the plaintiff's obesity in combination with the plaintiff's other impairments, because the ALJ explicitly provided several examples from the record that demonstrated that the plaintiff's obesity did not prevent the performance of light work). On remand, the ALJ "should consider [Garcia-Estrada's] physical and psychological ailments . . . especially with regard to [her] obesity." Cooper, 268 Fed.Appx. at 156.

### III. The RFC Analysis

Garcia-Estrada also argues that the ALJ's failure to properly analyze her obesity necessarily led to improper conclusions concerning her RFC that existed from

December 1, 2006 through February 1, 2014. The Court is compelled to agree with this argument as well. See Ward v. Comm'r of Soc. Sec., No. 13-763, 2015 WL 5823061, at *5–6 (D.N.J. Oct. 1, 2015) (remanding a Social Security matter based on the ALJ's deficient analysis of the plaintiff's obesity in the RFC portion of the Decision, which as a result evaded meaningful judicial review); Standowski v. Colvin, No. 13-5663, 2015 WL 404659, at *12–13 (D.N.J. Jan. 29, 2015) (remanding a Social Security matter because the ALJ "barely discussed" the plaintiff's severe impairment of obesity, and "the ALJ's residual functional capacity determination is silent on obesity"); cf. Gifford v. Barnhart, 129 Fed.Appx. 704, 707 (3d Cir. 2005) (affirming the ALJ's decision to deny an application for benefits because, among other things, the ALJ considered the plaintiff's obesity in combination with her other impairments and concluded that the plaintiff's obesity did not eliminate the residual functional capacity based on the medical evidence offered). On remand, the ALJ should be certain to specifically address Garcia-Estrada's severe obesity impairment when assessing her RFC.

Because the Court has determined that a remand is appropriate based upon the ALJ's improper assessment of Garcia-Estrada's obesity impairment, a new sequential evaluation concerning whether she is disabled is necessary. Thus, the Court will not address Garcia-Estrada's remaining challenges, because they should necessarily be addressed upon remand. See Lawrence v. Colvin, No. 15-2851, 2016 WL 1644622, at *10 (D.N.J. Apr. 26, 2016).

...

## CONCLUSION

For the foregoing reasons, the Court remands the matter for further proceedings that are consistent with this Opinion. The Court will issue an appropriate Order.

JOSE L. LINARES
United States District Judge

**Dated:** February _____, 2017